**IN THE COURT OF APPEALS OF IOWA**

No. 16-0220
Filed April 27, 2016

**IN THE INTEREST OF T.L. AND T.L.,**
**Minor children,**

**N.K., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A mother appeals from the order terminating her parental rights to her two minor children. **AFFIRMED.**

David Barajas of Gaudineer & George, L.L.P., West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Nicole Garbis Nolan of the Youth Law Center, Des Moines, for minor children.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals from the order terminating her parental rights to her two minor children, born in 2009 and 2010.[1]  The mother does not challenge that the statutory grounds for termination have been met.  She maintains termination of her parental rights is not in the children's best interests and two of the permissive factors weigh against termination.

**I. Background Facts and Proceedings**

The children were removed from the mother's care in November 2014 when she was hospitalized for a methamphetamine addiction.  She completed a substance abuse evaluation and it was recommended she attend treatment, but there is no record the mother successfully completed a program during the pendency of the case.

The mother stopped exercising her right to see the children in April 2015.  According to the caseworker from the Iowa Department of Human Services, even when the mother was spending supervised time with the children, the mother "had minimal parenting skills" and was "unable to supervise the children closely."  Although parenting classes were suggested to her, the mother did not attend any.  Additionally, the caseworker opined that the children were not very bonded with the mother because they did not ask for her when she stopped visiting them.

The mother was arrested at least four times during the pendency of the case, and on August 16, 2015, she escaped from a women's correctional facility.  At the time of the termination hearing on January 19, 2016, the mother's whereabouts were still unknown.  There was an active arrest warrant for the

---

[1] The father's parental rights were also terminated.  He does not appeal.

mother in the state of Iowa at the time, and it was believed she was living in Minnesota. The mother did not attend the termination hearing, and although her attorney resisted the termination on her behalf, no evidence was presented to support her position.

At the time of the hearing, the children were placed in the custody of their paternal grandmother, who resided in Kentucky. The grandmother intended to adopt the children if the parental rights were terminated. At the hearing, the State indicated the grandmother would allow both parents to be a part of the children's lives in the future if the parents could "get their lives on track."

On January 19, 2016, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(b), (d), (e) and (f) (2015). The mother appeals.

**II. Standard of Review**

We review proceedings to terminate parental rights de novo. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

**III. Discussion**

The mother does not dispute the statutory grounds for termination have been met. Because she has not challenged the grounds for termination under Iowa Code subsection 232.116(1), she has waived any claim of error. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal.").

The mother argues termination of her parental rights is not in the children's best interests because there is a strong bond and mutual love between her and the children. The mother stopped exercising her right to see the children

in April 2015. At the time of the termination hearing in January 2016, the children had not seen the mother in approximately nine months. The mother's whereabouts were unknown and there was an active arrest warrant for her, so if and when she was found, the mother was likely going to spend some amount of time in jail. The mother has not been able to provide the children with stability, and there is no indication from the record that she will be in a position to do so in the future. Terminating the mother's parental rights allows the paternal grandmother to adopt the children and provide them the permanency they need. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.,* 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and the "need for a permanent home")).

Additionally, the mother maintains that the exceptions provided in Iowa Code section 232.116(3)(a) and (c) weigh against the termination of her parental rights. These subsections allow the juvenile court not to terminate where a relative has legal custody of the children and where termination would be detrimental to the children due to the closeness of the parent-child bond. These factors are permissive, not mandatory. *Id.* After reviewing the record, we agree with the juvenile court that neither of the factors applies to make termination unwarranted. As the juvenile court concluded, "To subject the children to the instability and uncertainty that would be caused by an ongoing legal relationship with [this mother] cannot be in their best interest."

We affirm the order terminating the mother's parental rights.

**AFFIRMED.**